# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE COURT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FIRST ASSET RECOVERY LLC and | : | NO. 12-2396 |
| JOHN DOE and JANE DOE | : | |

## ORDER

**AND NOW**, this 11th day of July, 2012, upon consideration of the Plaintiff's Motion for Judgment by Default Against Defendant First Asset Recovery LLC (Document No. 4), it is **ORDERED** that a hearing to show cause why judgment should not be entered and to assess damages against First Asset Recovery LLC is scheduled for **September 5, 2012, at 10:30 a.m.**, in Courtroom 9A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

**IT IS FURTHER ORDERED** that the plaintiff shall serve copies of the Motion to Enter Default Judgment with supporting documentation and this Order upon the defendant First Asset Recovery LLC **personally** and by **certified mail, return receipt requested** and by **regular mail**. Plaintiff shall file an affidavit of service in compliance with this Order.

 /s/Timothy J. Savage
TIMOTHY J. SAVAGE,  J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

JOYCE COURT,
Plaintiff, :

v.                                                            :                    Civil Action No.: 12-2396

FIRST ASSET RECOVERY LLC;                    :
JOHN DOE;                                                 :
JANE DOE,                                                   :
                        Defendants.               :

## PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT
## AGAINST DEFENDANT FIRST ASSET RECOVERY LLC

Plaintiff by counsel pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, hereby moves for an

Order granting judgment by default against defendant FIRST ASSET RECOVERY LLC.  As grounds, plaintiff

refers this Court to the Request for Entry of Default filed simultaneously herewith, a copy of which is attached

hereto as Exhibit "A" as well as the Memorandum of Law filed in support hereof.

Respectfully submitted,

ROBERT P. COCCO, P.C.

/s/Robert P. Cocco
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200

Attorneys for Plaintiff

Dated: July 9, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

JOYCE COURT,
Plaintiff, :

v.                                                              :          Civil Action No.: 12-2396

FIRST ASSET RECOVERY LLC;                      :
JOHN DOE;                                                     :
JANE DOE,                                                      :
                          Defendants.                     :

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**JUDGMENT BY DEFAULT AGAINST DEFENDANT CENTRAL CREDIT MORTGAGE COMPANY**

Pursuant to F. R.C.P. 55(b)(2), and based on the foregoing Motion for Judgment by Default against defendant FIRST ASSET RECOVERY LLC (the "Motion") the Request For Entry of Default filed simultaneously herewith, a copy of which is attached to the Motion and the exhibit attached hereto, plaintiff moves for judgment by default against defendant, FIRST ASSET RECOVERY LLC.

## I.  INTRODUCTION

Defendant FIRST ASSET RECOVERY LLC has failed to file a responsive pleading or engage in any conduct which constitutes an appearance in this action.  Plaintiff's counsel has communicated directly with defendant First Asset directly by email and phone on June 7, 15, 18, 19, and 20, 2012. Included in such communication was a copy of the June 19, 2012 letter from the court indicating the potential for a default judgment if an answer was not filed.[1] Accordingly the Court should enter judgment by default against the defendant.

## II. ARGUMENT

A default judgment is available where "the adversary process had been halted because of in essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

---

[1] Copies of said letters are attached as Exhibit B to the foregoing Motion.

H.F.Livermore Corp. v. Aktiengeselschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970). "The use of default not only provides the trial court with a significant tool for enforcing compliance with du rules of procedure thereby encouraging an orderly and efficient judicial system, but also saves to protect diligent parties who have acted expeditiously and in accordance: with the rules of the court." Chandler Leasing Corp. UCC Inc. 91 F.R.D, 81, 83 (N.D. Ill. 1981).  Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true Dundee Cement Co. v. Howad Pipe & Concrete Products. Inc., 722 F.2d 1319, 1323 (7th Cir. 1983).

Moreover, a party's complete failure to appear excuses plaintiffs obligation to provide prior written notice of this Motion as provided by Fed. R. Civ. Pro. 55(b)(2).  Because the purpose of the notice requirement serves to protect those parties who, although in technical default, have otherwise indicated an intention to defend the suit, courts have broadly defined "appearance" for the purposes of notice. See e.g., CSB Corp. v. Cadillac- Creative Advertising Inc.,139 F.R.D. 34 (D.R.I. 1990) (although no responsive pleadings were filed, in settlement negotiations defendant indicated clear intention to defend); Pikofaky v. Jern Oil, 607 F. Supp. 727 (ED. Wis. 1985) (appearance via attendance at court's status hearing); United States v. Melichar, 56 F.R.D. 49 ED Wis. 1972) (appearance by formal stipulation to extend time to answer); Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491 (S.D. Tex. 1961) (a single letter from lay defendant to plaintiff's counsel stating answer to complaint indicates an intent to defend).

Defendant has failed to appear even under the broadest definition of the term.  Thus, although courts have been willing to find that the slightest act or conduct by the defaulting party evidencing an intention to defend constitutes an appearance activating the notice requirement, MARSHALL, GREENE & ASSOCIATES, INC, after having been served, has failed to provide even the slightest scintilla of evidence that he intends to defend this action.

## III. <u>CONCLUSION</u>

Accordingly, plaintiff respectfully requests entry of an Order granting her Motion for judgment by default against defendant FIRST ASSET RECOVERY LLC in an amount to be determined at hearing.


Respectfully submitted,

ROBERT P. COCCO, P.C.


/s/Robert P. Cocco
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200

Attorney for Plaintiff

## CERTIFICATION OF SERVICE

I, ROBERT P. COCCO, certify that I have served a true and correct copy of the foregoing

Motion for Default Judgment on the date listed below by:

      ✓_____     regular mail

      _____     certified mail RRR

      _____     other _____

FIRST ASSET RECOVERY LLC
184 Sweeney St., Suite 401
North Tonawanda, NY 14120


DATED: July 9, 2012               /s/Robert P. Cocco
                                  ROBERT P. COCCO
                                  Attorney for Plaintiff

**EASTERN DISTRICT OF PENNSYLVANIA**

JOYCE COURT,
Plaintiff,                                                    :

v.                                                            :        Civil Action No.: 12-2396

FIRST ASSET RECOVERY LLC;                                     :
JOHN DOE;                                                     :
JANE DOE,                                                     :
                            Defendants.                       :

**REQUEST FOR ENTRY OF DEFAULT**

1.      Plaintiff, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure,

respectfully requests that the Clerk of this Court to enter default against defendant FIRST

ASSET RECOVERY LLC for its failure to file an answer herein or otherwise plead or

appear within the required by law.

2.      Plaintiff bases this request on the records and files herein and on the

attached Affidavit of Service.

                                        Respectfully submitted,

                                        ROBERT P. COCCO, P.C.


                                        /s/RC935
                                        By:  Robert P. Cocco, Esquire
                                        Pa. Id. No. 61907
                                        1500 Walnut Street, Suite 900
                                        Philadelphia, PA 19102
                                        (215) 351-0200

                                        Attorney for Plaintiff

Dated: July 9, 2012

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of Pennsylvania

| | |
|---|---|
| JOYCE COURT | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.     12-2396 |
| FIRST ASSET RECOVERY LLC | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*     First Asset Recovery LLC
184 Sweeney St., Suite 401
North Tonawanda, NY 14120

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
ROBERT P COCCO, ESQ
1500 WALNUT ST, SUITE 900
PHILADELPHIA, PA 19102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____ 5/3/12 _____

_____
*Joseph B. Walton*, Deputy Clerk

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.     12-2396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* First Asset Recovery LLC
was received by me on *(date)*      5|14|12      .

☐ I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* James Harper, Manager , who is
designated by law to accept service of process on behalf of *(name of organization)* First Asset
Recovery. LLC _____ on *(date)*   5/14/12   ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____
_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:   5|15|12

_____
*Server's signature*

Ashley Czarnecki  Process Server
*Printed name and title*

1320 French Rd Depew, NY 14043
*Server's address*

Additional information regarding attempted service, etc:

From: Bob Cocco <rcocco@rcn.com>
Sent: Wednesday, June 20, 2012 3:19 PM
To:   'First Asset'
Subject:    RE: test re Court v First Asset
Attachments:     20120620144018259.pdf

Please see attached from the court a deadline for our informal
discussions of July 6 by which time you
will need to file a responsive pleading. Having sent you identifying
information for the client, we await
your prompt reply.

Bob Cocco
Robert P. Cocco, P.C.
1500 Walnut St., Ste. 900
Philadelphia, PA 19102
215-351-0200
Fax: 215-261-6055
Member of National Association of Consumer Advocates
http://www.phillyconsumerlaw.com
This email, and any attachment thereto, is intended only for the use of
the individual or entity to which it
is addressed, and may contain information that is privileged,
confidential, and exempt from disclosure
under applicable law.  Unintended transmission shall not constitute
waiver of the attorney/client or any
other privilege.  If you receive this communication in error, please
immediately notify this firm and
permanently delete the original, any copy, and any printout of this email.


From: First Asset [mailto:info@1assetonline.com]
Sent: Monday, June 18, 2012 5:30 PM
To: Bob Cocco
Subject: Re: test re Court v First Asset

Mr. Coco

Sorry for the delay, we have searched for your customers account
information based on the info
provided in your lawsuit. I need more information to locate your consumer.

[REDACTED]


Regards,


First Asset
877-780-2947

This is an attempt to collect a debt and any of the information obtained
will be used for that purpose only.

This message contains confidential information and is intended only for
the individual named. If you are not the named addressee you should not
disseminate, distribute or copy this e-mail. Please notify the sender
immediately by e-mail if you have received this e-mail by mistake and
delete
this e-mail from your system. E-mail transmission cannot be guaranteed to
be secure or error-free as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. The
sender therefore does not accept liability for any errors or omissions in
the
contents of this message, which arise as a result of e-mail transmission.


From: Bob Cocco <rcocco@rcn.com>
To: 'First Asset' <info@1assetonline.com>
Cc: 'Matthew Weisberg' <mweisberg@weisberglawoffices.com>
Sent: Friday, June 15, 2012 2:27 PM
Subject: RE: test re Court v First Asset

You are 10 days in default and have not responded to my query regarding
details of the debt
you are trying to collect in order to facilitate your requested demand
for settlement.

If I do not receive a response by June 19, I will enter default against
First Asset accordingly.

Bob Cocco
Robert P. Cocco, P.C.
1500 Walnut St., Ste. 900
Philadelphia, PA 19102
215-351-0200
Fax: 215-261-6055
Member of National Association of Consumer Advocates
http://www.phillyconsumerlaw.com
This email, and any attachment thereto, is intended only for the use of
the individual or entity to which it is
addressed, and may contain information that is privileged, confidential,
and exempt from disclosure under
applicable law.  Unintended transmission shall not constitute waiver of
the attorney/client or any other
privilege.  If you receive this communication in error, please
immediately notify this firm and permanently
delete the original, any copy, and any printout of this email.


From: First Asset [mailto:info@1assetonline.com]
Sent: Thursday, June 07, 2012 10:02 AM
To: Bob Cocco
Subject: Re: test re Court v First Asset

Received.

Regards,


First Asset
877-780-2947

This is an attempt to collect a debt and any of the information obtained
will be used for that purpose only.

This message contains confidential information and is intended only for
the individual named. If you are not the named addressee you should not
disseminate, distribute or copy this e-mail. Please notify the sender
immediately by e-mail if you have received this e-mail by mistake and
delete
this e-mail from your system. E-mail transmission cannot be guaranteed to
be secure or error-free as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. The
sender therefore does not accept liability for any errors or omissions in
the
contents of this message, which arise as a result of e-mail transmission.


From: Bob Cocco <rcocco@rcn.com>
To: info@1assetonline.com
Sent: Thursday, June 7, 2012 9:57 AM
Subject: test re Court v First Asset



Bob Cocco
Robert P. Cocco, P.C.
1500 Walnut St., Ste. 900
Philadelphia, PA 19102
215-351-0200
Fax: 215-261-6055
Member of National Association of Consumer Advocates
http://www.phillyconsumerlaw.com/
This email, and any attachment thereto, is intended only for the use of
the individual or entity to which it is
addressed, and may contain information that is privileged, confidential,
and exempt from disclosure under
applicable law.  Unintended transmission shall not constitute waiver of
the attorney/client or any other
privilege.  If you receive this communication in error, please
immediately notify this firm and permanently
delete the original, any copy, and any printout of this email.